**UNITED STATES of America**

v.

**CONGOLEUM CORPORATION.**

No. 86–0028.

United States District Court,
E.D. Pennsylvania.

Nov. 5, 1986.

9.  216 N.Y. 183, 194, 110 N.E. 502 (1915).

Edward S.G. Dennis, Jr., U.S. Atty., Margaret L. Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., Douglas A. Johns, Environmental Enforcement Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

J. Freedley Hunsicker, Jr., Virginia Gibson-Mason, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendant Congoleum Corporation's motion to reconsider the court's Memorandum and Order dated April 30, 1986, denying defendant's motion to stay the above-captioned action. The motion to reconsider is granted in part and denied in part.

 In a Memorandum and Order dated April 30, 1986, 635 F.Supp. 174, this court ruled that § 129.53 ("bubble" provision) of Title 25 of the Pennsylvania Code is not a standard which is "alternative" to Title 25 § 129.67. Upon reconsideration, the court believes, contrary to that holding, that under some circumstances the § 129.53 standard *may* be an alternative to the § 129.67 standard. However, in the absence of Pennsylvania's approval of the § 129.53 ("bubble") standard for this defendant, § 129.53 is not an alternative to the § 129.67 standard for this defendant. The court does not believe that this change to its earlier opinion makes a difference in the ultimate outcome of defendant's motion to stay.

An appropriate Order will be entered.

## ORDER

AND NOW, TO WIT, this 5th day of November, 1986, for the reasons stated in the accompanying Memorandum, following a thorough consideration of defendant's motion for reconsideration and plaintiff's response thereto, and upon full review of the memoranda in support and in opposition thereto, as well as defendant's supplemental memorandum, IT IS ORDERED as follows:

1. Defendant Congoleum Corporation's motion to reconsider is *granted in part* and *denied in part;* and

2. Page nine (9) of the court's Memorandum dated April 30, 1986, is vacated. The remaining portion of that Memorandum and Order remains unchanged; and

3. The reference in two places in the second paragraph on page five (5) of the Memorandum dated April 30, 1986, to § 129.63 was an error; the correct citation in both of those places is § 129.67; and

4. The accompanying Memorandum shall be incorporated by reference into the court's Memorandum dated April 30, 1986.